Ventura GARCIA, Plaintiff–Appellant,

v.

Johnnie SHUFFORD, ex-officer
at McDowell County Jail,
Defendant–Appellee.

No. 04–7053.

United States Court of Appeals,
Fourth Circuit.

Submitted: Sept. 8, 2004.

Decided: Sept. 28, 2004.

Ventura Garcia, Appellant pro se.

Johnnie Shufford, Appellee pro se.

Before WILKINSON, LUTTIG, and
TRAXLER, Circuit Judges.

Remanded by unpublished per curiam
opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Ventura Garcia seeks to appeal from the
district court's order entering judgment in
his favor in his action filed pursuant to 42
U.S.C. § 1983 (2000). The notice of appeal
in this case was received in the district
court after expiration of the appeal period.
However, Garcia dated his notice of appeal
prior to the expiration of the appeal peri-
od. Under *Houston v. Lack,* 487 U.S. 266,
276, 108 S.Ct. 2379, 101 L.Ed.2d 245
(1988), the notice is considered filed as of
the date Garcia delivered it to prison offi-
cials for forwarding to the court. Because
the record does not reveal when Garcia
delivered his notice of appeal to prison
authorities, we cannot determine whether
the notice of appeal is timely.

The record is similarly unclear as to the
date Garcia filed his motion for reconsider-
ation of the court's order. Under *Houston
v. Lack,* the motion to reconsider also is
deemed filed as of the date the petitioner
delivered it to prison officials for mailing
to the court. *See United States v. Duke,*
50 F.3d 571, 575 (8th Cir.1995). Although
Garcia's motion to reconsider was received
by the district court clerk more than one
month after the district court's entry of
judgment, the date on the motion is within
ten days following entry of the district
court's decision. *See* Fed.R.Civ.P. 6(a)
(computation of time). The date Garcia
delivered the motion to reconsider to pris-
on officials must be ascertained by the
district court because the timing of the
filing of that motion determines whether it
is properly considered under Fed R. Civ.
P. 59(e) or Fed.R.Civ.P. 60(b). *See In re
Burnley,* 988 F.2d 1 (4th Cir.1992). Ac-
cordingly, we remand the case for the
district court to determine the timeliness
of the filing of the notice of appeal under
*Houston v. Lack.* In the event that the
court concludes that Garcia's notice of ap-
peal was timely filed, it must then deter-
mine whether Garcia's motion to reconsid-
er was delivered to prison officials for
mailing no later than the tenth day follow-
ing the entry of the court's April 27, 2004
order. The record, as supplemented, will
then be returned to this court for further
consideration.

*REMANDED*